UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| COVAD COMMUNICATIONS COMPANY, | * | 09-MC-102 |
| Plaintiff, | * | |
| -vs- | * | OPINION AND ORDER ON MOTIONS |
| REVONET, INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending are Covad Communications Company's (Covad) motion to compel (Doc. 3) and Revonet's motion to quash (Doc. 8).

**BACKGROUND**

The underlying lawsuit is pending in United States District Court for the District of Columbia. *See Covad Communications Company v. Revonet, Inc.*, Civil Action No. 06-1892 filed in the District of Columbia.

On August 10, 2009, in connection with that lawsuit, Covad served a subpoena on SDN Communications (SDN) in South Dakota. The subpoena directed SDN to produce information connected with certain telephone numbers. Production was to occur on August 24, 2009, at the office of South Dakota counsel for Covad. Revonet, however, notified SDN not to produce the information. SDN did not produce the information requested by the subpoena nor did SDN file objections to the subpoena.

 A. <u>District of Columbia</u>

On August 21, 2009, Revonet filed a motion to quash the subpoena. *See* CIV. 06-1892, Doc. 118 (D.D.C.). On August 29, 2009, Covad filed a motion to strike Revonet's motion to quash. *Id.*

at Doc. 127. The District of Columbia Scheduling Order provided a discovery deadline which expired months before the subpoena was served. On September 29, 2009, Judge Facciola filed a "Minute Order finding as moot 54 Motion for Extension of Time to Complete Discovery." Further, on October 13, 2009, the presiding judge, Judge Kollar-Kotelly, filed a Minute Order stating: "based on the existence of outstanding discovery-related issues that are currently being considered and resolved before Magistrate Judge Facciola and to provide the parties additional time to resolve all such pending discovery matters, the Court hereby VACATES the status hearing currently set for October 14, 2009, and RESCHEDULES the status hearing to December 15, 2009 at 4:30 P.M. . . ."

As of November 4, 2009, both the motion to quash and motion to strike remain pending in the District of Columbia. A motion hearing is scheduled before Judge Facciola on November 16, 2009.

    B.    South Dakota.

On September 4, 2009, Covad filed its motion to compel SDN to comply with the subpoena. Doc. 3. On September 23, 2009, Revonet filed its motion to quash the subpoena. Doc. 8. Both motions are fully briefed and ready for ruling by this court.

**DISCUSSION**

    A.    Covad's Position.

Covad urges the text of Federal Rule of Civil Procedure 45(c)(3)(A) and (B) specifically provides that the power to quash a subpoena belongs to the issuing court. Covad cites *In Re. Sealed Case*, 141 F.3d 337, 378 (D.C. Cir. 1998)(only the issuing court has the power to act on its subpoenas; nothing in the Rules even hints any other court may be given the power to quash or enforce them.) Covad argues the reference to "timely motion" in Rule 45 means the motion to

2

quash should be filed before the time specified in the subpoena for complying with the subpoena. Covad urges the Revonet motion is not timely because it was filed in South Dakota about one month after the date for compliance with the subpoena. Covad argues Revonet does not have standing to challenge the subpoena because it has not demonstrated that it has a claim of privilege, proprietary interest, or personal interest in the matter. Covad asserts Revonet's South Dakota Motion to Quash makes no showing of extraordinary circumstances based on the facts to justify a basis to request relief and that Revonet makes no showing as to what it seeks to protect from disclosure, nor what specific harm would result if a telecom provider discloses its records. Covad urges that the District of Columbia has previously permitted Covad to forensically image and search Revonet's computer systems despite far more detailed arguments about confidentiality than Revonet makes in South Dakota.

      B.      <u>Revonet's Position</u>.

Revonet argues the subpoena was served after the date for the close of discovery under the District of Columbia's Scheduling Order. Revonet also argues the subpoena should be quashed "because it seeks documents and materials that are irrelevant and immaterial to the issues involved in the underlying action, which are not likely to lead to the discovery of admissible evidence, that the request is overly broad and beyond the scope of discovery" so that the disclosure of information "could negatively harm Revonet's business," which amounts to harassment. Revonet asserts the subpoena seeks from SDN every document or record in SDN's possession regarding Revonet, which necessarily would include records beyond the parties who were involved in matters relating to the Covad/Revonet relationship and litigation. Revonet also argues it has already produced to Covad more than all of the relevant SDN phone call records. Revonet asserts it faces potential prejudice from disclosure of the identities of past, future, or potential customers. Revonet represents the

3

underlying lawsuit was commenced in 2006, discovery is still being conducted and the case has not been set for trial.

    C.    <u>Analysis</u>.

SDN did not file objections pursuant to Federal Rule of Civil Procedure 45(c)(2)(B). Rule 45(c)(2)(B), therefore, does not govern this dispute. Federal Rule of Civil Procedure 45(c)(3) addresses quashing or modifying a subpoena. Particularly, Rule 45(c)(3)(A)(iii) and (iv) provide a subpoena must be quashed or modified if there is a timely motion and the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Additionally, Rule 45(c)(3)(B)(i) provides a court may protect a person affected by a subpoena by quashing or modifying a subpoena if the subpoena requires disclosure of a trade secret or other confidential research, development or commercial information. Finally, Rule 45(c)(3)(C) provides the court an alternative to quashing or modifying a subpoena. The production of information may be ordered upon conditions if the serving party shows a substantial need for the information that cannot be otherwise met without undue hardship and ensures the subpoenaed person will be reasonably compensated. Rule 45(c)(3)(C)(i) and (ii).

The subpoena was served on SDN. SDN did not object to the subpoena. Revonet has not identified a privilege that would be breached if the subpoena is not quashed. Revonet has not identified protected matter that would be produced if the subpoena is not quashed. The "undue burden" mentioned in Rule 45(c)(3)(A)(iv) refers in this case to SDN. Revonet is not a person subjected to undue burden by this subpoena. It is SDN who bears the burden to produce the information addressed by the subpoena. Revonet has neither argued nor established that SDN's compliance with the subpoena would disclose a trade secret or other confidential research, development or commercial information. Revonet argues the subpoena was served outside the

discovery deadline, yet at the same time has acknowledged that discovery continues currently and that a trial date has not been established.

This court will not trespass upon the Scheduling Order established by the District of Columbia, nor will it attempt to decide the motions to quash and to strike which are pending in the District of Columbia. There are pending in South Dakota mirror motions to compel and to quash a subpoena validly served in South Dakota upon a non-objecting, non-party. Ordinarily a party does not have standing to object to a subpoena served on a non-party, but a party does have standing to object to a subpoena served upon a non-party which requires the production of privileged information. *E.E.O.C. v. Danka Industries, Inc.*, 990 F.Supp. 1138, 1141 (E.D.Mo.1997). Revonet has not established a reason to quash the subpoena which is recognized by Rule 45. As such, Revonet has neither established that it has standing to object to the subpoena nor has Revonet established on the merits that the subpoena should be quashed. It is for the District of South Dakota to rule on the motions pending in South Dakota. It is for the District of Columbia to determine whether the information produced by SDN pursuant to the subpoena can be used.

It is ORDERED that Covad's motion to compel (Doc. 3) is GRANTED and that Revonet's motion to quash (Doc. 8) is DENIED.

Dated November 4, 2009.

BY THE COURT:

s/John E. Simko
_____
John E. Simko
United States Magistrate Judge